## MAYES v. STATE.

(Court of Criminal Appeals of Texas. Jan. 7, 1914.)

1. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS.

A statement of facts contained in the record will not be considered on appeal when not signed by the attorneys or approved by the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1121*)—APPEAL—RECORD—SUFFICIENCY OF EVIDENCE.

An objection that the verdict was contrary to the law and not supported by sufficient evidence could not be considered, where the evidence was not preserved in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939; Dec. Dig. § 1121.*]

3. CRIMINAL LAW (§ 1090*)—APPEAL—PRESENTATION BELOW.

Objections to the admission of certain testimony were not reviewable, where no bills of exception were reserved thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Jack Mayes was convicted of unlawfully carrying a pistol, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted for unlawfully carrying a pistol.

[1] The statement of facts contained in the record is not signed by the attorneys or approved by the court; therefore it cannot be considered. There were no bills of exception reserved, and all the questions presented for revision are contained in the motion for new trial.

[2] The first ground is that the verdict of the jury is contrary to the law, and the evidence is wholly insufficient to support the verdict. This cannot be considered because the evidence is not before us.

[3] The second and third grounds are urged to alleged error on the part of the court permitting witnesses McSween and Jennie Jones to testify to certain matters, but there are no bills reserved; therefore these matters are not reviewable.

The judgment is affirmed.